# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-10013
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 7, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MICHAEL LYNN TARWATER,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:03-CR-259-1

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:*

Michael Lynn Tarwater challenges the procedural reasonableness of his 18-month revocation sentence. Tarwater admitted violating several conditions of his supervised release by failing to report to the probation officer, possessing a controlled substance, and committing at least eight new state law violations since his second term of supervision commenced. He faced a policy statement

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentencing range of 21 to 27 months, although the statutory maximum prison term was 18 months.

Because Tarwater did not object to the procedural reasonableness of his sentence, we review for plain error. *See United States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009); *see also Puckett v. United States*, 556 U.S. 129, 135 (2009). According to Tarwater, the district court plainly erred by failing to address his nonfrivolous argument for a lesser sentence, i.e., that his original 80-month sentence was erroneously overlong in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). The record, however, reflects that the district court listened to his arguments for leniency but explained that the 18-month sentence was necessary in view of Tarwater's history and characteristics and the need for deterrence, two of the relevant sentencing factors under 18 U.S.C. § 3553(a). *See United States v. Miller*, 634 F.3d 841, 844 (5th Cir. 2011). Although "the judge might have said more" by explicitly stating "that he had heard and considered the evidence and argument" and found that Tarwater's *Johnson* argument did not outweigh his significant criminal record and history of recidivism, the "context and the record make clear that this, or similar, reasoning underlies the judge's conclusion." *Rita v. United States*, 551 U.S. 338, 359 (2007). "Where a matter is as conceptually simple as in the case at hand and the record makes clear that the sentencing judge considered the evidence and arguments," more extensive reasons are not required. *Id.* Tarwater has not shown a clear or obvious error. *See Whitelaw*, 580 F.3d at 261.

Neither were Tarwater's substantial rights affected. The record of the sentencing proceedings in this case allows us to conduct a meaningful appellate review. *See Gall v. United States*, 552 U.S. 38, 50 (2007). Nothing in the record suggests that a more thorough explanation would have resulted in a shorter

No. 16-10013

sentence. *See Whitelaw*, 580 F.3d at 264-65. Finally, Tarwater's argument, raised only to preserve it for further review, that *Whitelaw* was wrongly decided is unavailing, as we may not overrule *Whitelaw* absent an en banc or superseding Supreme Court decision. *See United States v. Lipscomb*, 299 F.3d 303, 313 n.34 (5th Cir. 2002).

The judgment of the district court is AFFIRMED.